# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STANDARD SECURITY LIFE INSURANCE )
COMPANY OF NEW YORK and )
MADISON NATIONAL LIFE INSURANCE )
COMPANY, INC., )
 )
      Plaintiffs, )
 ) No.  19 CV 64
      v. )
 ) Judge Ronald A. Guzmán
FCE BENEFIT ADMINISTRATORS, INC., )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs' amended motion to confirm an arbitration award. Defendant opposes the motion and, in the alternative, moves to vacate the arbitration award. For the reasons explained below, the Court dismisses this action without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiffs, Standard Security Life Insurance Company of New York ("Standard") and Madison National Life Insurance Company, Inc. ("Madison"), brought this action under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"),[1] seeking confirmation of the "Partial Final Award - Phase I" (the "Award") rendered by an arbitration panel in a dispute between plaintiffs and defendant FCE Benefit Administrators, Inc. ("FCE").

---

[1]The FAA does not bestow federal jurisdiction over controversies pertaining to arbitration; there must be an independent jurisdictional basis. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). It appears that the parties are of diverse citizenship and that the amount in controversy exceeds the jurisdictional threshold.

Pursuant to an Administrative Services Agreement, dated January 1, 2011, and an Amended and Restated Administrative Services Agreement, effective January 1, 2015 (together, the "ASA"), FCE, a third-party benefits claims administrator, administered health insurance policies underwritten by plaintiffs. The ASA contained an arbitration provision that states: "In the event of any dispute between the parties which arises under this Agreement, except for a dispute arising under Section 17 [titled "Mutual Indemnification and FCE Insurance"],[2] such dispute shall be settled by arbitration in accordance with the rules for commercial arbitration of the American Arbitration Association (or a similar organization) in effect at the time such arbitration is initiated . . . ." (ECF No. 28-1, ASA, at 16-17.) The ASA stated that one arbitrator would be chosen by each side and that those two arbitrators would together choose an umpire, all of whom would be active or retired disinterested executive officers of insurance or reinsurance companies. (*Id.* at 17.) The ASA further stated: "The decision of the arbitrators shall be final and binding on both parties; but failing to agree, they shall call in the Umpire and the decision of the majority shall be final and binding upon both parties. Judgment upon the final decision of the arbitrators may be entered in any court of competent jurisdiction." (*Id.*)

On May 21, 2015, plaintiffs terminated the ASA. On July 27, 2017, they initiated arbitration against FCE pursuant to the ASA's dispute-resolution procedures. Plaintiffs alleged that FCE breached several obligations under the ASA, including failing to timely and properly process healthcare claims, failing to remit premiums, and taking excessive and unearned administrative fees. Plaintiffs further alleged that FCE caused them to incur expenses in

---

[2]As for this exception to the arbitration provision, the ASA provided that "[a]ny legal suit, action or proceeding arising out of or relating to Section 17 of this Agreement or the transactions contemplated hereby, when invoked by either party, shall be instituted in the federal courts of the United States of America or the courts of the State of Texas . . . ." (ECF No. 28-1, ASA, at 17.)

2

responding to Department of Labor subpoenas and caused regulatory penalties and fines to be imposed on Madison by the Texas Department of Insurance. FCE counterclaimed, contending that plaintiffs' termination of the ASA was wrongful.

The arbitration panel (the "Panel") consisted of two arbitrators and an umpire. The arbitration hearing was scheduled to begin on September 25, 2018. In early July 2018, FCE requested a continuance of this date for reasons related to discovery. On July 27, 2018, the Panel issued an Interim Order denying FCE's request for a continuance and further stating in pertinent part: "[FCE]'s motion for leave to file an amended counterclaim is granted. The counterclaims will be presented in a second phase of the Hearing which will take place in November/December of this year. For this phase FCE has to produce the documents requested." (ECF No. 28-3, Interim Order.) The Panel and the parties referred to this structure of the arbitration as "Phase I" and "Phase II."

An arbitration hearing was held on September 25 through 29 and October 25, 2018. On November 30, 2018, the Panel held a post-hearing teleconference to discuss the evidence presented at the hearing. The Panel requested the parties to submit a proposed award for Phase I. Each side submitted a proposed award; both proposed awards were titled "Partial Final Award." On December 31, 2018, the Panel issued its "Partial Final Award - Phase I," which states in full:

> The Panel in the above-captioned arbitration, duly appointed by mutual agreement of the parties, upon consideration of all documents, arguments, and evidence submitted by Petitioners [Standard] and [Madison] (collectively "Petitioners") and Respondent [FCE], and after having held a full hearing of Phase I of this arbitration from September 25 through September 29, October 25 and November 30, 2018 hereby renders its Partial Final Award as follows:
>
> 1. Petitioners were within their rights to terminate the amended Agreement for cause.
> 2. FCE shall pay to Petitioners the principal amounts due with respect to each Category of Damages as set forth in the chart annexed as Exhibit A

3

      hereto, together with interest calculated thereon at the rate of 5% per annum, as set forth therein. Such payment shall occur within twenty (20) business days of the date of this Partial Final Award. After such time, interest shall run at 9% per annum.
3. Each party shall bear its own costs, including the costs of its party-appointed arbitrator. The parties shall split equally the costs of the Umpire and the catering expenses associated with the Hearing.
4. The Panel members shall be paid within thirty (30) days of the date hereof.
5. All other claims for relief by the parties are denied.

(ECF No. 28-5, Partial Final Award - Phase I.) Exhibit A to the Award, a chart titled "Damages Owed to Petitioners," provides for a total damages award to plaintiffs of $5,348,352.81. (*Id.*, Ex. A.)

On January 3, 2019, plaintiffs filed a petition with this court to confirm the Award under the FAA, 9 U.S.C. § 9. In response, FCE argues that plaintiffs' motion is premature, and, in the alternative, moves to vacate the Award under 9 U.S.C. § 10.

**DISCUSSION**

First, the parties disagree about whether the Award was final and ripe for adjudication by a federal court. The Seventh Circuit has recognized that "[t]here can be a jurisdictional question in cases challenging or seeking enforcement of arbitration awards." *Smart v. IBEW, Local 702*, 315 F.3d 721, 725 (7th Cir. 2002). There is no statute corresponding to 28 U.S.C. § 1291 (which gives courts of appeals jurisdiction over only final decisions of district courts) that relates to this court's jurisdiction over arbitration awards, but under Seventh Circuit case law, "courts must consider as a practical matter whether the arbitrator has completed his assignment." *Wellpoint Health Networks, Inc. v. John Hancock Life Ins. Co.*, 547 F. Supp. 2d 899, 908 (N.D. Ill. 2008) (citing *McKinney Restoration Co. v. Ill. Dist. Council No. 1*, 392 F.3d 867, 869 (7th Cir. 2004)); *see also Anderson v. Norfolk & W. Ry.*, 773 F.2d 880, 883 (7th Cir. 1985) ("To be considered

'final,' an arbitration award must be intended by the arbitrator to be his complete determination of every issue submitted to him."). "In determining the finality of an arbitration award, [courts] consider whether 'the award itself, in the sense of judgment, order, bottom line, is incomplete in the sense of having left unresolved a portion of the parties' dispute.'" *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 491 (7th Cir. 2005) (quoting *IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 651 (7th Cir. 2001)); *see also Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) ("[C]ourts go beyond a document's heading and delve into its substance and impact to determine whether the decision is final."); *McKinney*, 392 F.3d at 872 (where an arbitrator believes the assignment is completed, the award is final and appealable; conversely, where the evidence is that the arbitrator does not believe the assignment is completed, the award is not final and appealable).

Although the Panel's Award uses the term "final" in its title, it also uses the term "partial." It is incomplete in the sense that it leaves unresolved significant portions of the parties' multifaceted dispute regarding their performance of the ASA. While the Award appears to possibly resolve plaintiffs' claims against FCE, and further states that "[a]ll other claims for relief by the parties are denied," it is undisputed that the Panel still has left to adjudicate, at a minimum, FCE's counterclaim against plaintiffs. The arbitrators were not done with the case when they rendered the Award in December 2018. Indeed, the Panel and the parties expressly contemplated, and held, "Phase II" proceedings in February 2019. The parties are awaiting a Phase II ruling from the Panel, so the Panel's assignment is not yet complete. Accordingly, this Court does not have jurisdiction over this matter.

## CONCLUSION

The Court determines that this matter is not ripe for adjudication because the Panel's

arbitration award was not a complete determination of all the issues submitted to the Panel.  This action is therefore dismissed without prejudice for lack of subject-matter jurisdiction.  All pending motions and schedules are terminated.  Civil case terminated.  The parties may seek reinstatement of the case, if they wish, when the arbitration has concluded.


**DATE**:  March 13, 2019

**Ronald A. Guzmán**
**United States District Judge**